NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GARY GERARD, | Civil Action No.: 12-4127 (ES) |
| Plaintiff, | OPINION |
| v. |  |
| WELLS FARGO HOME MORTGAGE, et al., |  |
| Defendants. |  |

**SALAS, District Judge**

## I. Introduction

*Pro se* Plaintiff Gary Gerard ("Plaintiff") commenced this action against Defendants[1] on July 5, 2012, alleging unlawful seizure of his property. (D.E. No. 1). On July 12, 2012, the Court denied Plaintiff's application to proceed *in forma pauperis* on the grounds that the application disclosed a monthly salary sufficient to cover the cost of filing a complaint in this District. (D.E. No. 2). The Court accordingly closed this action and informed Plaintiff that the action would be reopened if he pays the requisite filing fee or submits an amended application to proceed *in forma pauperis* within thirty days. (*Id.*). Plaintiff then submitted a letter to the Court enclosing documentation of his yearly income within the allotted thirty-day period. (D.E. No. 5). Approximately three months later, in November 2012, Plaintiff submitted an amended application to proceed *in forma pauperis*. (D.E. No. 9).

---

[1] The named defendants are "City of Paterson, County of Passaic, State of New Jersey, Secretary of HUD Shauwn Donovan, Wells Fargo Home Mortgage, Zucker, Goldberg & Ackerman, and Any and All Who are Making Unlawful Claims to [Plaintiff's] Freehold Estate." (D.E. No. 1).

1

Accordingly, the Court now reviews Plaintiff's application to proceed *in forma pauperis*, as well as the sufficiency of his Complaint under 28 U.S.C. § 1915(e)(2). The Court hereby GRANTS Plaintiff's application to proceed *in forma pauperis*.[2] But, for the reasons below, the Court DISMISSES Plaintiff's Complaint, with leave to re-file an amended complaint consistent with this Opinion within thirty days.

## II.     Background

To commence this action, Plaintiff submitted several documents, including an "Affidavit of Fact and Truth," "Notice of Understanding, Intent and Claim of Right," a "Constructive Notice of Child of God Status," and several exhibits. (*See generally* D.E. No. 1 & Exs. thereto).[3] Given Plaintiff's *pro se* status, the Court construes Plaintiff's submissions as a Complaint and gleans the following facts.

Plaintiff inherited certain property located at 558-560 East 23rd Street in Paterson, New Jersey. (D.E. No. 1, Aff. of Fact & Truth ("Pl. Aff.") at 1-2). In August 2007, Plaintiff acquired a mortgage on the property in the sum of $427,061.00. (D.E. No. 1-3 at 11, Ltr. from Zucker, Goldberg & Ackerman, LLC ("Ackerman Ltr.")). In March 2008, after Plaintiff defaulted on his mortgage payments, foreclosure proceedings were initiated against Plaintiff. (*Id.*). In April 2008, Plaintiff was served with a summons and complaint, but Plaintiff never responded. (*Id.*).

---

[2] The Court notes that the letter from Plaintiff enclosing documentation of his yearly income was, by itself, an insufficient submission because a formal application to proceed *in forma pauperis* was required. (*See* D.E. No. 5). Nevertheless, the Court accepts this letter and accompanying documentation, as well as Plaintiff's untimely application to proceed *in forma pauperis*. (*See* D.E. No. 9). Taken together, the Court finds that Plaintiff's *in forma pauperis* application must be granted.

[3] Other documents attached to Plaintiff's initial filing include a family photograph, death certificates for Plaintiff's relatives, a will, and certain property deeds. (*See* D.E. No. 1). Plaintiff later submitted other materials in support of this action. (*See* D.E. Nos. 4 & 10 (requests for discovery); D.E. No. 6 (a Wells Fargo document explaining that it has "received and processed the funds necessary to pay [Plaintiff's] loan in full on"); D.E. No. 7 (a death certificate & materials involving Passaic County Surrogate's Court)).

In June 2008, default was entered against Plaintiff, and, in March 2009, a final judgment was subsequently entered against Plaintiff. (*Id.*). In April 2009, Plaintiff was then notified in writing of a sheriff's sale of the property. (*Id.*). Specifically, Plaintiff was provided written notice of a July 14, 2009 sale date. (*Id.*). The property was then sold on that date. (*Id.*).

Plaintiff, however, alleges that, on October 29, 2009, he was "unlawfully seized off [his] property by the Passaic County Sheriff due to a short sale of the free and clear property which [he had] quiet possession to and [was] free from all encumbrances" and that "around August of 2009, the property was foreclosure [sic] redeemed because of the unlimited equity resources of the land." (Pl. Aff. at 2). Plaintiff argues that "[t]his is [his] Claim of Divine Birthright and Inheritance from the Almighty God" and to "commit fraud against a joint-heir with Christ-Jesus is an act of blaspheme [sic]." (*Id.*). Finally, in the civil cover sheet, Plaintiff identifies his cause of action as arising under the 5th Amendment of the U.S. Constitution for "unlawfully [sic] seizure of property [and] unlawfull [sic] imprisonment." (D.E. No. 1-9). Plaintiff demands $25 million. (*Id.*).[4]

### III. Legal Standard

28 U.S.C. § 1915(e)(2) provides, in relevant part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

*See also Williams v. Clifton Police Dep't*, No. 11-5217, 2011 WL 5104505, at *1 (D.N.J. Oct. 25, 2011) ("After a court makes a decision that a plaintiff is qualified for pauper status pursuant

---

[4] In the civil cover sheet, the Court notes that Plaintiff alleges both federal question jurisdiction (i.e., based on the 5th Amendment of the U.S. Constitution) and diversity jurisdiction (given his residence in New Jersey and Wells Fargo Home Mortgage's residence in Iowa). (*See* D.E. No. 1-9).

3

to 28 U.S.C. § 1915, the court must then 'screen' the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.").

When reviewing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, "the court applies the same standard provided for in Federal Rule of Civil Procedure 12(b)(6)." *Bartelli v. Galabinski*, 228 F. App'x 194, 196 (3d Cir. 2007) (citations omitted). Therefore, for a complaint to survive dismissal under § 1915(e)(2)(B)(ii), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." *Iqbal*, 556 U.S. at 678. Although the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, the court is not required to accept "legal conclusions." *Id.*; *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted).

Thus, the "inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). To be sure, however, *pro se* complaints are "to be liberally construed" and "held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations & citations omitted).

Finally, when evaluating a complaint to determine whether dismissal is warranted, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citations omitted).

## IV. Analysis

The Court must dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Plaintiff's allegations amount to "the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient. *See Iqbal*, 556 U.S. at 678. Indeed, Plaintiff's allegation that his land was "*unlawfully* seized . . . due to a short sale of the free and clear property which [he had] quiet possession to and [was] free from all encumbrances" is unsupported by any factual allegations. (*See* Pl. Aff. at 2 (emphasis added)). Rather, according to Plaintiff's own submissions, the property seems *lawfully* seized pursuant to foreclosure proceedings. (*See* Ackerman Ltr.). There are simply no factual allegations from which the Court can infer that the sheriff's sale of Plaintiff's property was unlawful and, furthermore, that the named Defendants are liable for any such misconduct. In short, Plaintiff fails to allege facts connecting any of the Defendants to any unlawful conduct.

Nevertheless, the Court hereby provides Plaintiff with an opportunity to cure the deficiencies outlined above. *See Phillips*, 515 F.3d at 245 ("We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.") (citations omitted).

## V. Conclusion

For the reasons stated above, Plaintiff's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff shall have thirty days to file an amended complaint to cure the deficiencies described above. An appropriate Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**